## Davis v. Davis.

(Decided December 10, 1912.)

## Appeal from Whitley Circuit Court.

Husband and Wife—Alimony.—Where the husband has provided his wife with as comfortable a home as his circumstances will permit and at a place where his business requires him to be, if the wife is not content to live in the home he has provided and goes to live with her parents, she is not entitled to alimony.

SHARP, GATLIFF & SMITH for appellant.

STEPHENS & STEELEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by appellant, the wife of appellee, to require him to pay her alimony in the sum of $500, upon the ground that he refused to permit her to live in his home and compelled her to take shelter with her parents.

The appellee filed an answer and counterclaim in which he averred that his wife left his home without any fault on his part, and he sought a divorce from her on statutory grounds. Pending the suit a child was born to appellant, and the lower court, upon the pleadings and evidence, granted the appellee a divorce upon his counterclaim and ordered him to pay to appellant, for the support of the child, the sum of $300 and also attorney's fees, but refused to allow appellant anything for alimony. On this appeal she asks that the judgment declining to allow her alimony be reversed, with directions to the lower court to enter a judgment giving her alimony.

The weight of the evidence supports the contention of appellee that his wife abandoned him and his home without sufficient cause. He had provided her with as comfortable a home as his circumstances would permit, at a place where his business required him to be, but his wife was not satisfied with the place in which they lived and desired that appellant should locate in the town in which her parents lived. He could not do this without losing the employment in which he was engaged, and upon his refusal to gratify her wishes in

this respect she left his home and went to live with her parents.

Under thu circumstances she was not entitled to ali-mony.

The judgment is affirmed.